IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DARREN E. COX,<br><br>      Plaintiff,<br><br>vs.<br><br>CACHE COUNTY, a Utah municipal corporation, *et al.*,<br><br>      Defendants.<br>_____<br><br>MARTIN JAMES,<br><br>      Counter Plaintiff,<br><br>vs.<br><br>DARREN E. COX,<br><br>      Counter Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br><br>Case No. 1:08-CV-124 CW |

Now before the court is a motion by Plaintiff/Counter Defendant Darren E. Cox for summary judgment in his favor on the counter claim of defamation against him by Defendant/Counter Plaintiff Martin James (Dkt. No. 32). Mr. Cox made this motion on June 15, 2010, and to date Mr. James has not responded. For the reasons discussed below, Mr. Cox's motion is GRANTED.

First, Mr. James' failure to respond to Mr. Cox's summary judgment is alone sufficient to grant the motion in Mr. Cox's favor. That is, Mr. Cox's motion set out factual assertions with

evidentiary support that, left unchallenged, would lead to a judgment in his favor on Mr. James' defamation claim. Mr. James then failed to answer those factual assertions with evidence that would put them in dispute. Mr. James thus essentially concedes that judgment should be entered against him on his counterclaim. *See* Fed.R.Civ.P. 56(e)(2).

Somewhat complicating the issue, however, is the fact that Mr. Cox himself offers one piece of factual support in favor of Mr. James' defamation claim. Specifically, Mr. Cox points to Mr. James' response to Mr. Cox's interrogatory requesting the factual basis for Mr. James' defamation claim. In that response, Mr. James asserted that:

> Larry Pender, an associate of [Mr. Cox], told [Mr.] James that [Mr. Cox] was claiming James sprayed [Mr. Cox's] honeybees with insecticide and killed them. This occurred on at least two separate occasions when Pender visited [Mr.] James.

(Mr. James' Response to Mr. Cox's Interrog. No. 11, Dkt. No 33-2 at p. 21 of 35).

Mr. Cox has submitted an affidavit by Mr. Pender in which Mr. Pender denies having made any such statements to Mr. James. On that basis, Mr. Cox contends that there is no dispute of fact as to whether Mr. Pender made such statements to Mr. James.

If Mr. James' interrogatory answer were potentially admissible evidence, it would probably support a denial of Mr. Cox's motion. That is, at a trial, Mr. James could simply repeat his assertion that Mr. Pender did make those statements to dispute Mr. Pender's denial, and it would be up to the jury decide who to believe. But Mr. James' interrogatory answer is hearsay: Mr. James is offering out-of-court statements by Mr. Pender in support of their truth. Hearsay, however, is not competent to raise a dispute of fact at summary judgment. *See Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1555 (10th Cr. 1995) (declining to consider hearsay in a deposition offered in support of a defamation claim). Accordingly, even taking into account Mr. James'

2

interrogatory answer, the court finds that he has not presented any competent basis on which to support his claim of defamation.

**ORDER**

For the foregoing reasons, Mr. Cox's motion for summary judgment on Mr. James' counter claim for defamation is GRANTED.

SO ORDERED this 3rd day of September, 2010.

BY THE COURT:

Clark Waddoups
United States District Judge